**GORDON & LOWMAN, LLC**
BY:   Grady A. Lowman (#323113)
212 W. Route 38, Suite #700
Moorestown, NJ 08057
Tel:   856-209-3425
Fax:   856-957-5122

This is not an Arbitration Matter
Jury Trial Demanded

Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
[stamp illegible] pm

---

YVONNE LEON
11615 Sunburst Marble Road
Riverview, FL 33579

                Plaintiff

       v.

AMERICAN AIRLINES, INC.
1 Skyview Drive
Fort Worth, TX 76155

            and

AMERICAN AIRLINES
1 Skyview Drive
Forth Worth, TX 76155

            and

AMERICAN AIRLINES GROUP, INC.
1 Skyview Drive
Forth Worth, TX 76155

            and

PHILADELPHIA INTERNATIONAL AIRPORT
8500 Essington Avenue
Philadelphia, PA 19153

            and

CITY OF PHILADELPHIA
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

            and

PIEDMONT AIRLINES, INC.
8500 Essington Avenue
Philadelphia, PA 19153

            and

FIRST TRANSIT CORPORATION
8220 Bartram Avenue
Philadelphia, PA 19153

            Defendant(s)

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NO.:

Case ID: 220300576

# NOTICE TO DEFEND

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the offices set forth below to find out where you can get legal help.*

      Philadelphia Bar Association
      Lawyer Referral and
      Information Service
      Jefferson Tower, 1101 Market Street
      Philadelphia, PA 19107
      (215) 238-6333

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ezpuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y enregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones De esta demanda. Usted puede perder dinero o sus *propiedades u ostros derechos importantes para usted.*

*Lleve esta demanda a un abogadoimmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede Conseguir asistencia legal.*
      Association De Licenciados
      De Filadelfoa
      Servicio De Referencia E
      Information Legal
      Jefferson Tower, 1101 Market Street
      Filadelfia, Pennsylvania 19107
      (215) 238-6333

**GORDON & LOWMAN, LLC**
BY:   Grady A. Lowman (#323113)
212 W. Route 38, Suite #700
Moorestown, NJ 08057
Tel:   856-209-3425
Fax:   856-957-5122

This is not an Arbitration Matter
Jury Trial Demanded

**Attorney for Plaintiff**

| | |
|---|---|
| **YVONNE LEON** <br> 11615 Sunburst Marble Road <br> Riverview, FL 33579      Plaintiff <br> <br>      v. <br> <br> **AMERICAN AIRLINES, INC.** <br> 1 Skyview Drive <br> Fort Worth, TX 76155 <br>      and <br> **AMERICAN AIRLINES** <br> 1 Skyview Drive <br> Forth Worth, TX 76155 <br>      and <br> **AMERICAN AIRLINES GROUP, INC.** <br> 1 Skyview Drive <br> Forth Worth, TX 76155 <br>      and <br> **PHILADELPHIA INTERNATIONAL AIRPORT** <br> 8500 Essington Avenue <br> Philadelphia, PA 19153 <br>      and <br> **CITY OF PHILADELPHIA** <br> 1515 Arch Street, 14th Floor <br> Philadelphia, PA 19102 <br>      and <br> **PIEDMONT AIRLINES, INC.** <br> 8500 Essington Avenue <br> Philadelphia, PA 19153 <br>      and <br> **FIRST TRANSIT CORPORATION** <br> 8220 Bartram Avenue <br> Philadelphia, PA 19153 <br> <br>      Defendant(s) | **COURT OF COMMON PLEAS** <br> **PHILADELPHIA COUNTY** <br> <br> NO.: |

1

## CIVIL ACTION COMPLAINT – MOTOR VEHICLE

Plaintiff, by and through undersigned counsel, Gordon & Lowman, LLC hereby files this Civil Action Complaint against Defendants and avers as follows:

1. Plaintiff Yvonne Leon is an adult citizen and resident of Florida who presently resides at 11615 Sunburst Marble Road, Riverview, FL 33579.

2. Upon information and belief, Defendant American Airlines, Inc. is a corporation with a principal place of business located at 1 Skyview Drive, Forth Worth, TX 76155.

3. Upon information and belief, Defendant American Airlines is an airline operating within the United States and internationally with a principal place of business located at 1 Skyview Drive, Forth Worth, TX 76155.

4. Upon information and belief, Defendant American Airlines Group, Inc. is a corporation with a principal place of business located at 1 Skyview Drive, Forth Worth, TX 76155.

5. Defendant Philadelphia International Airport is an airport with a principal place of business located at 8500 Essington Avenue, Philadelphia, PA 19153.

6. Defendant City of Philadelphia is a municipal entity with a principal place of business located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

7. Defendant Piedmont Airlines, Inc. is a corporation with a principal place of business located at 8500 Essington Avenue, Philadelphia, Pa 19153.

8. Defendant First Transit Corporation is a corporation with a principal place of business located at 8220 Bartram Avenue, Philadelphia, PA 19153.

2

9. On or about March 5, 2020, at approximately 2:40 pm, Plaintiff was a passenger on COBUS 2700 (Bus ID No. FG046) riding from Terminal F to Terminal B at the Philadelphia International Airport when the bus rear ended another vehicle causing Plaintiff to be thrown to the grown and sustain injuries ("Subject Incident").

10. Upon information and belief, the COBUS involved in the Subject Incident was owned, operated, and/or controlled by Defendants.

11. Upon information and belief, the driver/operator of the COBUS involved in the Subject Incident was an agent, servant, and/or employee of Defendants.

12. The Subject Incident was a direct and proximate result of the carelessness and negligence of Defendants.

13. As a direct and proximate result of the carelessness and negligence of Defendants in causing the Subject Incident, Plaintiff sustained severe and permanent personal injuries and damages as more fully set forth in this Complaint.

14. Plaintiff's injuries resulting from the Subject Incident include but are not limited to the following: neck pain; back pain; shoulder pain; sprains and strains of muscles, tendons, and ligaments; rotator cuff tear requiring injections and surgery; internal injuries of an unknown nature; shock to the nervous system; and other injuries, the full extent of which may not yet be known.

15. As a direct and proximate result of the serious and permanent injuries caused by the Subject Incident, Plaintiff has in the past, is presently, and will likely in the future continue to suffer from: pain, suffering, embarrassment, humiliation, medical expenses, lost wages, out of pocket expenses, mental anguish, grief, and limited activities of daily living.

3

## COUNT I - NEGLIGENCE
### Plaintiff v. Defendants

16.    Plaintiff incorporates the previous paragraphs as if fully set forth herein.

17.    The Subject Incident was caused by the negligence and/or carelessness of Defendant, jointly and/or severally, and consisted, *inter alia*, of the following:

    i.    Operating a vehicle at an excessive rate of speed given the circumstances and traffic conditions;

    ii.    Following too closely;

    iii.    Failing to keep the vehicle under proper control and operate it at a speed which ensured Defendant could stop within the assured clear distance ahead;

    iv.    Operating a vehicle without due regard to the rights, safety, and position of the other vehicle;

    v.    Failing to prevent the vehicle from striking the rear of the other vehicle;

    vi.    Failing to keep a proper lookout;

    vii.    Failing to use due care under the circumstances;

    viii.    Failing to take evasive action in order to avoid impacting the rear of the other vehicle;

    ix.    Failing to apply the brakes in order to avoid striking the other vehicle;

    x.    Carelessly turning without looking both ways and/or stopping and/or yielding as necessary; and

    xi.    Operating a vehicle in a careless manner.

Case ID: 220300576

**WHEREFORE**, Plaintiff, respectfully requests judgment in her favor and against Defendant(s), jointly and/or severally in an amount not in excess of $50,000.00 plus interest, costs, delay damages, and such other relief as this Court may deem appropriate.

Respectfully Submitted,

**GORDON & LOWMAN, LLC**

By: *Grady Lowman*

**Grady A. Lowman, Esquire**
Attorney for Plaintiff

**DATED: 03/03/2022**

## **VERIFICATION**

I, YVONNE LEON, hereby depose and say that I am the Plaintiff in this matter and the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. 4904, relating to unsworn falsification to authorities.

Yvonne Leon

6

**GORDON & LOWMAN, LLC**
**BY:   Grady A. Lowman (#323113)**
**1315 Walnut Street, Suite 1006**
**Philadelphia, PA 19107**
**Tel:   267-764-1114**
**Fax:   856-957-5122**

This is not an Arbitration Matter
A Jury Trial is Demanded
Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
16 MAY 2022 12:34 pm
E. HAURIN

_____

| | |
|---|---|
| **YVONNE LEON** | : |
| 11615 Sunburst Marble Road | : |
| Riverview, FL 33579 | : |
| **Plaintiff** | : |
| | : |
| **v.** | : |
| | : |
| **AMERICAN AIRLINES, INC.** | : |
| 1 Skyview Drive | : |
| Fort Worth, TX 76155 | : |
| and | : |
| **AMERICAN AIRLINES** | : |
| 1 Skyview Drive | : |
| Forth Worth, TX 76155 | : |
| and | : |
| **AMERICAN AIRLINES GROUP, INC.** | : |
| 1 Skyview Drive | : |
| Forth Worth, TX 76155 | : |
| and | : |
| **PHILADELPHIA INTERNATIONAL AIRPORT** | : |
| 8500 Essington Avenue | : |
| Philadelphia, PA 19153 | : |
| and | : |
| **CITY OF PHILADELPHIA** | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | : |
| and | : |
| **PIEDMONT AIRLINES, INC.** | : |
| 8500 Essington Avenue | : |
| Philadelphia, PA 19153 | : |
| and | : |
| **FIRST TRANSIT CORPORATION** | : |
| 8220 Bartram Avenue | : |
| Philadelphia, PA 19153 | : |
| | : |
| **Defendant(s)** | : |
| | : |

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

**NO.: 220300576**

_____

## PRAECIPE TO REINSTATE PLAINTIFF'S COMPLAINT

Case ID: 220300576

TO THE OFFICE OF JUDICIAL RECORDS:

Kindly reinstate Plaintiff's Complaint filed on March 3, 2022 in the above matter, a copy of which is attached as Exhibit A.

**GORDON & LOWMAN, LLC**

By:    _Grady Lowman_

**Grady A. Lowman, Esquire**
Attorney for Plaintiff

DATED: 05/16/2022

# EXHIBIT A

**GORDON & LOWMAN, LLC**
**BY:    Grady A. Lowman (#323113)**
**212 W. Route 38, Suite #700**
**Moorestown, NJ 08057**
**Tel:    856-209-3425**
**Fax:    856-957-5122**
_____

*Filed and Attested by the*
*Office of Judicial Records*
*04 MAR 2022 13:34 pm*
*E. HAURIN*

This is not an Arbitration Matter
Jury Trial Demanded

**Attorney for Plaintiff**

| | | |
|---|---|---|
| **YVONNE LEON** | : | |
| 11615 Sunburst Marble Road | : | |
| Riverview, FL 33579 | : | **COURT OF COMMON PLEAS** |
| **Plaintiff** | : | **PHILADELPHIA COUNTY** |
| | : | |
| **v.** | : | |
| | : | |
| **AMERICAN AIRLINES, INC.** | : | **NO.:** |
| 1 Skyview Drive | : | |
| Fort Worth, TX 76155 | : | |
| and | : | |
| **AMERICAN AIRLINES** | : | |
| 1 Skyview Drive | : | |
| Forth Worth, TX 76155 | : | |
| and | : | |
| **AMERICAN AIRLINES GROUP, INC.** | : | |
| 1 Skyview Drive | : | |
| Forth Worth, TX 76155 | : | |
| and | : | |
| **PHILADELPHIA INTERNATIONAL AIRPORT** | : | |
| 8500 Essington Avenue | : | |
| Philadelphia, PA 19153 | : | |
| and | : | |
| **CITY OF PHILADELPHIA** | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| **PIEDMONT AIRLINES, INC.** | : | |
| 8500 Essington Avenue | : | |
| Philadelphia, PA 19153 | : | |
| and | : | |
| **FIRST TRANSIT CORPORATION** | : | |
| 8220 Bartram Avenue | : | |
| Philadelphia, PA 19153 | : | |
| | : | |
| **Defendant(s)** | : | |
| _____ | : | |

# NOTICE TO DEFEND

**NOTICE**

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the offices set forth below to find out where you can get legal help.*

> Philadelphia Bar Association
> Lawyer Referral and
> Information Service
> Jefferson Tower, 1101 Market Street
> Philadelphia, PA 19107
> (215) 238-6333

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas ezpuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y enregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones De esta demanda.  Usted puede perder dinero o sus *propiedades u ostros derechos importantes para usted.*

*Lleve esta demanda a un abogadoimmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede Conseguir asistencia legal.*

> Association De Licenciados
> De Filadelfoa
>  Servicio De Referencia E
> Information Legal
> Jefferson Tower, 1101 Market Street
> Filadelfia, Pennsylvania 19107
> (215) 238-6333

**GORDON & LOWMAN, LLC**
**BY:  Grady A. Lowman (#323113)**
**212 W. Route 38, Suite #700**
**Moorestown, NJ 08057**
**Tel:  856-209-3425**
**Fax:  856-957-5122**
_____

**This is not an Arbitration Matter**
**Jury Trial Demanded**

**Attorney for Plaintiff**

| | | |
|---|---|---|
| **YVONNE LEON** | : | |
| 11615 Sunburst Marble Road | : | |
| Riverview, FL 33579 | : | **COURT OF COMMON PLEAS** |
| **Plaintiff** | : | **PHILADELPHIA COUNTY** |
| **v.** | : | |
| | : | |
| **AMERICAN AIRLINES, INC.** | : | **NO.:** |
| 1 Skyview Drive | : | |
| Fort Worth, TX 76155 | : | |
| and | : | |
| **AMERICAN AIRLINES** | : | |
| 1 Skyview Drive | : | |
| Forth Worth, TX 76155 | : | |
| and | : | |
| **AMERICAN AIRLINES GROUP, INC.** | : | |
| 1 Skyview Drive | : | |
| Forth Worth, TX 76155 | : | |
| and | : | |
| **PHILADELPHIA INTERNATIONAL AIRPORT** | : | |
| 8500 Essington Avenue | : | |
| Philadelphia, PA 19153 | : | |
| and | : | |
| **CITY OF PHILADELPHIA** | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| **PIEDMONT AIRLINES, INC.** | : | |
| 8500 Essington Avenue | : | |
| Philadelphia, PA 19153 | : | |
| and | : | |
| **FIRST TRANSIT CORPORATION** | : | |
| 8220 Bartram Avenue | : | |
| Philadelphia, PA 19153 | : | |
| | : | |
| **Defendant(s)** | : | |
_____ :

1

Case ID: 220300576

## CIVIL ACTION COMPLAINT – MOTOR VEHICLE

Plaintiff, by and through undersigned counsel, Gordon & Lowman, LLC hereby files this Civil Action Complaint against Defendants and avers as follows:

1. Plaintiff Yvonne Leon is an adult citizen and resident of Florida who presently resides at 11615 Sunburst Marble Road, Riverview, FL 33579.

2. Upon information and belief, Defendant American Airlines, Inc. is a corporation with a principal place of business located at 1 Skyview Drive, Forth Worth, TX 76155.

3. Upon information and belief, Defendant American Airlines is an airline operating within the United States and internationally with a principal place of business located at 1 Skyview Drive, Forth Worth, TX 76155.

4. Upon information and belief, Defendant American Airlines Group, Inc. is a corporation with a principal place of business located at 1 Skyview Drive, Forth Worth, TX 76155.

5. Defendant Philadelphia International Airport is an airport with a principal place of business located at 8500 Essington Avenue, Philadelphia, PA 19153.

6. Defendant City of Philadelphia is a municipal entity with a principal place of business located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

7. Defendant Piedmont Airlines, Inc. is a corporation with a principal place of business located at 8500 Essington Avenue, Philadelphia, Pa 19153.

8. Defendant First Transit Corporation is a corporation with a principal place of business located at 8220 Bartram Avenue, Philadelphia, PA 19153.

Case ID: 220300576

9. On or about March 5, 2020, at approximately 2:40 pm, Plaintiff was a passenger on COBUS 2700 (Bus ID No. FG046) riding from Terminal F to Terminal B at the Philadelphia International Airport when the bus rear ended another vehicle causing Plaintiff to be thrown to the grown and sustain injuries ("Subject Incident").

10. Upon information and belief, the COBUS involved in the Subject Incident was owned, operated, and/or controlled by Defendants.

11. Upon information and belief, the driver/operator of the COBUS involved in the Subject Incident was an agent, servant, and/or employee of Defendants.

12. The Subject Incident was a direct and proximate result of the carelessness and negligence of Defendants.

13. As a direct and proximate result of the carelessness and negligence of Defendants in causing the Subject Incident, Plaintiff sustained severe and permanent personal injuries and damages as more fully set forth in this Complaint.

14. Plaintiff's injuries resulting from the Subject Incident include but are not limited to the following: neck pain; back pain; shoulder pain; sprains and strains of muscles, tendons, and ligaments; rotator cuff tear requiring injections and surgery; internal injuries of an unknown nature; shock to the nervous system; and other injuries, the full extent of which may not yet be known.

15. As a direct and proximate result of the serious and permanent injuries caused by the Subject Incident, Plaintiff has in the past, is presently, and will likely in the future continue to suffer from: pain, suffering, embarrassment, humiliation, medical expenses, lost wages, out of pocket expenses, mental anguish, grief, and limited activities of daily living.

Case ID: 220300576

## COUNT I - NEGLIGENCE
### Plaintiff v. Defendants

16.    Plaintiff incorporates the previous paragraphs as if fully set forth herein.

17.    The Subject Incident was caused by the negligence and/or carelessness of Defendant, jointly and/or severally, and consisted, *inter alia*, of the following:

  i.    Operating a vehicle at an excessive rate of speed given the circumstances and traffic conditions;

  ii.    Following too closely;

  iii.    Failing to keep the vehicle under proper control and operate it at a speed which ensured Defendant could stop within the assured clear distance ahead;

  iv.    Operating a vehicle without due regard to the rights, safety, and position of the other vehicle;

  v.    Failing to prevent the vehicle from striking the rear of the other vehicle;

  vi.    Failing to keep a proper lookout;

  vii.    Failing to use due care under the circumstances;

  viii.    Failing to take evasive action in order to avoid impacting the rear of the other vehicle;

  ix.    Failing to apply the brakes in order to avoid striking the other vehicle;

  x.    Carelessly turning without looking both ways and/or stopping and/or yielding as necessary; and

  xi.    Operating a vehicle in a careless manner.

Case ID: 220300576

**WHEREFORE**, Plaintiff, respectfully requests judgment in her favor and against Defendant(s), jointly and/or severally in an amount not in excess of $50,000.00 plus interest, costs, delay damages, and such other relief as this Court may deem appropriate.

**Respectfully Submitted,**

**GORDON & LOWMAN, LLC**

By: *Grady Lowman*

**Grady A. Lowman, Esquire**
Attorney for Plaintiff

**DATED: 03/03/2022**

5

## **VERIFICATION**

I, YVONNE LEON, hereby depose and say that I am the Plaintiff in this matter and the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. 4904, relating to unsworn falsification to authorities.

_____
Yvonne Leon

6

# AFFIDAVIT OF SERVICE

Commonwealth of Pennsylvania        County of Philadelphia

*Filed and Attested by the Office of Judicial Records 16 MAR 2022 12:05 pm S. RICE*

Common Pleas Court

Case Number: MARCH 2022 0576

Plaintiff:
**YVONNE LEON**

vs.

Defendant:
**AMERICAN AIRLINES, INC. et al**

For:
GORDON & LOWMAN, LLC (PA)
1315 WALNUT STREET
SUITE 1006
PHILADELPHIA, PA 19107

Received by COURT HOUSE LEGAL SERVICES, INC. to be served on **CITY OF PHILADELPHIA, 1515 ARCH STREET, 14TH FLOOR, PHILADELPHIA, PA 19102.**

I, Christopher J. Mullen, being duly sworn, depose and say that on the **15th day of March, 2022 at 9:17 am, I:**

**AUTHORIZED:** served by delivering a true copy of the **COMPLAINT** to MILAGROS COLON-RIOS as **DATA SERVICES SUPPORT CLERK**, who stated they are authorized to accept service for: CITY OF PHILADELPHIA at the address of: CITY_CLOSURE_COMPLAINTS@PHILA.GOV, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 15th day of March, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

DAGEN J MULLEN
Notary Public
STATE OF NEW JERSEY
My Commission Expires 06-01-2023

Christopher J. Mullen
Process Server

**COURT HOUSE LEGAL SERVICES, INC.**
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
**(856) 428-4700**

Our Job Serial Number: CHL-2022002399
Ref: LEON/AMERICAN AIRLINES

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1t

Case ID: 220300576

# AFFIDAVIT OF SERVICE

Commonwealth of Pennsylvania       County of Philadelphia

Case Number: MARCH 2022 0576

Plaintiff:
**YVONNE LEON**

vs.

Defendant:
**AMERICAN AIRLINES, INC. et al**

For:
GORDON & LOWMAN, LLC (PA)
1315 WALNUT STREET
SUITE 1006
PHILADELPHIA, PA 19107

Filed and Attested by the
Office of Judicial Records
16 MAR 2022 12:03 pm
S. RICE

Received by COURT HOUSE LEGAL SERVICES, INC. to be served on **PHILADELPHIA INTERNATIONAL AIRPORT, c/o CITY OF PHILADELPHIA, 1515 ARCH STREET, 14TH FLOOR, PHILADELPHIA, PA 19102.**

I, Christopher J. Mullen, being duly sworn, depose and say that on the **15th day of March, 2022 at 9:18 am, I:**

**AUTHORIZED:** served by delivering a true copy of the **COMPLAINT** to **MILAGROS COLON-RIOS as DATA SERVICES SUPPORT CLERK,** who stated they are authorized to accept service for: **PHILADELPHIA INTERNATIONAL AIRPORT** at the address of: CITY_CLOSURE_COMPLAINTS@PHILA.GOV, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18 and have no interest in the above action.

 

Christopher J. Mullen
Process Server

**COURT HOUSE LEGAL SERVICES, INC.**
**112 Haddontowne Ct, Ste. 304**
**Cherry Hill, NJ 08034**
**(856) 428-4700**

Subscribed and Sworn to before me on the 15th day of March, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

DACIEN J MULLEN
Notary Public
STATE OF NEW JERSEY
My Commission Expires 06-01-2023

Our Job Serial Number: CHL-2022002400
Ref: LEON/AMERICAN AIRLINES

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1t

Case ID: 220300576

# AFFIDAVIT OF SERVICE



Filed and Attested by the
Office of Judicial Records
23 MAR 2022 04:36 pm
R. SCHREIBER

**Commonwealth of Pennsylvania**                    **County of Philadelphia**

Case Number: MARCH 2022  0576

Plaintiff:
**YVONNE LEON**

vs.

Defendant:
**AMERICAN AIRLINES, INC.  et al**

For:
GORDON & LOWMAN, LLC (PA)
1315 WALNUT STREET
SUITE 1006
PHILADELPHIA, PA 19107

Received by COURT HOUSE LEGAL SERVICES, INC. to be served on **FIRST TRANSIT CORPORATION, 8220 BARTRAM AVE., PHILADELPHIA, PA 19153**.

I, John Baratta, being duly sworn, depose and say that on the **18th day of March, 2022** at **1:14 pm, I:**

**AUTHORIZED:**  served by delivering a true copy of the **COMPLAINT**  to **LEONARD MAYO** as **SAFETY MANAGER/AUTHORIZED AGENT**, who stated they are authorized to accept service for: **FIRST TRANSIT CORPORATION** at the address of: **8220 BARTRAM AVE., PHILADELPHIA, PA 19153**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 38, Sex: M, Race/Skin Color: BLACK, Height: 6'1, Weight: 260, Hair: SHAVED, Glasses: N

I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 21st day of March, 2022 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
Christopher J. Mullen, Notary Public
Philadelphia County
My commission expires May 27, 2023
Commission number 1227476

**John Baratta**
Process Server

**COURT HOUSE LEGAL SERVICES, INC.**
**112 Haddontowne Ct, Ste. 304**
**Cherry Hill, NJ 08034**
**(856) 428-4700**

Our Job Serial Number: CHL-2022002402
Ref: LEON/AMERICAN AIRLINES

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1t

Case ID: 220300576

## AFFIDAVIT OF SERVICE



Filed and Attested by the
Office of Judicial Records
23 MAR 2022 05:36 pm
R. SCHREIBER

**Commonwealth of Pennsylvania**                    **County of Philadelphia**

Court of Common Pleas Court

Case Number: MARCH 2022  0576

Plaintiff:
**YVONNE LEON**

vs.

Defendant:
**AMERICAN AIRLINES, INC.  et al**

For:
GORDON & LOWMAN, LLC (PA)
1315 WALNUT STREET
SUITE 1006
PHILADELPHIA, PA 19107

Received by COURT HOUSE LEGAL SERVICES, INC. to be served on **PIEDMONT AIRLINES, INC., 8500 ESSINGTON AVE., TERMINAL-F, PHILADELPHIA, PA 19153**.

I, John Baratta, being duly sworn, depose and say that on the **18th day of March, 2022** at **1:58 pm, I:**

**AUTHORIZED:** served by delivering a true copy of the **COMPLAINT** to **JENNY BONILLA** as **CUSTOMER SERVICE MANAGER/AUTHORIZED**, who stated they are authorized to accept service for: **PIEDMONT AIRLINES, INC.** at the address of: **8500 ESSINGTON AVE., TERMINAL-F, PHILADELPHIA, PA 19153**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 36, Sex: F, Race/Skin Color: WHITE, Height: 5'5, Weight: 150, Hair: BLACK, Glasses: N

I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 21st day of
March, 2022 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
Christopher J. Mullen, Notary Public
Philadelphia County
My commission expires May 27, 2023
Commission number 1227476

**John Baratta**
Process Server

**COURT HOUSE LEGAL SERVICES, INC.**
**112 Haddontowne Ct, Ste. 304**
**Cherry Hill, NJ 08034**
**(856) 428-4700**

Our Job Serial Number: CHL-2022002401
Ref: LEON/AMERICAN AIRLINES

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1t

Case ID: 220300576

**GORDON & LOWMAN, LLC**
**BY:    Grady A. Lowman (#323113)**
**1315 Walnut Street, Suite 1006**
**Philadelphia, PA 19107**
**Tel:    215-764-1114**
**Fax:    856-957-5122**
_____

This is not an Arbitration Matter
Assessment of Damages Required
**Attorney for Plaintiff**

Filed and Attested by the
Office of Judicial Records
01 JUN 2022 11:04 am
S. HAURIN

| | | |
|---|---|---|
| **YVONNE LEON** | : | |
| 11615 Sunburst Marble Road | : | |
| Riverview, FL 33579 | : | **COURT OF COMMON PLEAS** |
| **Plaintiff** | : | **PHILADELPHIA COUNTY** |
| | : | |
| **v.** | : | |
| | : | **March Term, 2022** |
| **AMERICAN AIRLINES, INC.** | : | **NO.: 0576** |
| 1 Skyview Drive | : | |
| Fort Worth, TX 76155 | : | |
| and | : | |
| **AMERICAN AIRLINES** | : | |
| 1 Skyview Drive | : | |
| Forth Worth, TX 76155 | : | |
| and | : | |
| **AMERICAN AIRLINES GROUP, INC.** | : | |
| 1 Skyview Drive | : | |
| Forth Worth, TX 76155 | : | |
| and | : | |
| **PHILADELPHIA INTERNATIONAL AIRPORT** | : | |
| 8500 Essington Avenue | : | |
| Philadelphia, PA 19153 | : | |
| and | : | |
| **CITY OF PHILADELPHIA** | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| **PIEDMONT AIRLINES, INC.** | : | |
| 8500 Essington Avenue | : | |
| Philadelphia, PA 19153 | : | |
| and | : | |
| **FIRST TRANSIT CORPORATION** | : | |
| 8220 Bartram Avenue | : | |
| Philadelphia, PA 19153 | : | |
| | : | |
| **Defendant(s)** | : | |
| _____ | : | |

1

Case ID: 220300576

## PRAECIPE TO DISMISS

TO THE PROTHONOTARY:

Plaintiff Yvonne Leon hereby withdraws and dismisses her claims in the above-captioned matter against _only_ the following parties: the Philadelphia International Airport; Piedmont Airlines, Inc.; the City of Philadelphia; American Airlines; and American Airlines Group, Inc. Plaintiff will proceed on her claims against Defendants American Airlines, Inc. and First Transit Corporation.

Respectfully Submitted,

GORDON & LOWMAN, LLC

By: _Grady Lowman_

**Grady A. Lowman, Esquire**
Attorney for Plaintiff

AHMAD ZAFFARESE LLC

By: _/s/ Aleena Y. Sorathia_

**Aleena Sorathia, Esquire**
Counsel for the City of Philadelphia and the
Philadelphia International Airport

MORGAN & AKINS, PLLC

By: _____

**Nate Bohlander, Esquire**
Counsel for American Airlines, Inc., American
Airlines Inc. (incorrectly designated as "American
Airlines"), American Airlines Group, Inc., and
Piedmont Airlines, Inc.

**DATED: 06/01/2022**

KANE, PUGH, KNOELL, TROY
& KRAMER, LLP

By: _/s/ Nariman Amin_

**Nariman Amin, Esquire**
Counsel for First Transit Corporation

Case ID: 220300576

NATHAN R. BOHLANDER
Attorney I.D. No. 312509
**MORGAN & AKINS, PLLC**
The Graham Building
30 S. 15th Street, Suite 701
Philadelphia, PA 19102
(215) 305-8223
nbohlander@morganakins.com
*Attorneys for Defendant, American Airlines, Inc.*


*Filed and Attested by the
Office of Judicial Records
13 JUN 2022 05:10 pm
G. IMPERATO*

| | | |
|---|---|---|
| **YVONNE LEON** | : | |
| | : | |
| **Plaintiff,** | : | **COURT OF COMMON PLEAS** |
| | : | **OF PHILADELPHIA COUNTY** |
| **vs.** | : | |
| | : | |
| **AMERICAN AIRLINES, INC.** | : | **NO.: 220300576** |
| | : | |
| **AND** | : | |
| | : | |
| **AMERICAN AIRLINES** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **AMERICAN AIRLINES GROUP, INC.** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **PHILADELPHIA INTERNATIONAL AIRPORT** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **PIEDMONT AIRLINES, INC.** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **FIRST TRANSIT CORPORATION** | : | |
| | : | |
| **Defendants.** | : | |

Case ID: 220300576

<u>**NOTICE**</u>

You are hereby notified to respond to the enclosed New Matter and Crossclaim within twenty (20) days of service thereof or a default judgment may be entered against you.

**MORGAN & AKINS, PLLC**

**BY:** _____

NATHAN R. BOHLANDER, ESQUIRE
*Attorneys for Defendant, American Airlines, Inc.*

Date:  <u>June 13, 2022</u>

2

Case ID: 220300576

NATHAN R. BOHLANDER
Attorney I.D. No. 312509
**MORGAN & AKINS, PLLC**
The Graham Building
30 S. 15th Street, Suite 701
Philadelphia, PA  19102
(215) 305-8223
nbohlander@morganakins.com
*Attorneys for Defendant, American Airlines, Inc.*

| | | |
|---|---|---|
| **YVONNE LEON** | : | |
| | : | |
| **Plaintiff,** | : | **COURT OF COMMON PLEAS** |
| | : | **OF PHILADELPHIA COUNTY** |
| **vs.** | : | |
| | : | |
| **AMERICAN AIRLINES, INC.** | : | **NO.:  220300576** |
| | : | |
| **AND** | : | |
| | : | |
| **AMERICAN AIRLINES** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **AMERICAN AIRLINES GROUP, INC.** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **PHILADELPHIA INTERNATIONAL AIRPORT** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **PIEDMONT AIRLINES, INC.** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **FIRST TRANSIT CORPORATION** | : | |
| | : | |
| **Defendants.** | : | |

3

Case ID: 220300576

**DEFENDANT, AMERICAN AIRLINES, INC.'S
ANSWER TO PLAINTIFF, YVONNE LEON'S
<u>COMPLAINT WITH NEW MATTER AND CROSSCLAIM</u>**

Defendant, American Airlines, Inc. (hereinafter, "Answering Defendant") by and through its attorneys, Morgan & Akins, PLLC, hereby answers Plaintiff, Yvonne Leon's (hereinafter, "Plaintiff") Complaint (hereinafter, "Complaint"), attached hereto as **Exhibit "A"**, as follows:

1.      Denied.   After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and they are therefore denied.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

2.      Admitted.

3.      Denied.  The averments contained in this paragraph are not directed to Answering Defendant, so no response is required.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required.  To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.  By way of further response, the Defendant named in the corresponding Paragraph was dismissed from the instant matter by Praecipe on June 1, 2022.

4.      Denied.  The averments contained in this paragraph are not directed to Answering Defendant, so no response is required.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required.  To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.  By way of further response, the Defendant named in the corresponding Paragraph was dismissed from the instant matter by Praecipe on June 1, 2022.

Case ID: 220300576

5. Denied. The averments contained in this paragraph are not directed to Answering Defendant, so no response is required. To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied. Strict proof of all averments, if admissible, is demanded at the time of trial. By way of further response, the Defendant named in the corresponding Paragraph was dismissed from the instant matter by Praecipe on June 1, 2022.

6. Denied. The averments contained in this paragraph are not directed to Answering Defendant, so no response is required. To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied. Strict proof of all averments, if admissible, is demanded at the time of trial. By way of further response, the Defendant named in the corresponding Paragraph was dismissed from the instant matter by Praecipe on June 1, 2022.

7. Denied. The averments contained in this paragraph are not directed to Answering Defendant, so no response is required. To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied. Strict proof of all averments, if admissible, is demanded at the time of trial. By way of further response, the Defendant named in the corresponding Paragraph was dismissed from the instant matter by Praecipe on June 1, 2022.

8. Denied. The averments contained in this paragraph are not directed to Answering Defendant, so no response is required. To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied. Strict proof of all averments, if admissible, is demanded at the time of trial.

9. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in

5

Case ID: 220300576

this paragraph and they are therefore denied. To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied. Strict proof of all averments, if admissible, is demanded at the time of trial.

10. Denied. To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required. To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually. To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied. Strict proof of all averments, if admissible, is demanded at the time of trial.

11. Denied. To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required. To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually. To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied. Strict proof of all averments, if admissible, is demanded at the time of trial.

12. Denied. To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required. To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually. To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied. Strict proof of all averments, if admissible, is demanded at the time of trial.

13. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in

Case ID: 220300576

this paragraph and they are therefore denied.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

14.     Denied.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and they are therefore denied.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

15.     Denied.     After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and they are therefore denied.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

## COUNT I – NEGLIGENCE
### Plaintiff v. Defendants

16.     Answering Defendant incorporates the previous responses as if set forth fully herein.

17.     (i) – (xi) Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response

Case ID: 220300576

is required. To the extent that an answer is deemed required, denied. Strict proof of all averments, if admissible, is demanded at the time of trial.

 **WHEREFORE**, Answering Defendant hereby demands judgment in its favor and against Plaintiff and any crossclaiming Defendants together with the costs of this action and such other and relief as this Court deems just and appropriate.

## NEW MATTER

1.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.  Plaintiff's Complaint does not comport with applicable procedural rules.

3.  Plaintiff may have been contributorily and/or comparatively negligent and, therefore, the alleged injuries, damages and/or losses of Plaintiff are diminished or barred pursuant to the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. 7102.

4.  Plaintiff's claims may be barred in whole or in part by the applicable Statutes of Limitations.

5.  Plaintiff's action should be dismissed for failure to join any and all necessary and indispensable parties.

6.  Plaintiff may have assumed the risk of her activities and/or the risk of a known danger.

7.  Plaintiff may have failed to avoid the risk of a known danger and/or exercise due care.

8.  Any conduct of Answering Defendant was not a substantial cause of the Plaintiff's alleged injuries, damages and/or losses.

9.  The injuries, damages and/or losses allegedly sustained by Plaintiff were caused entirely by, or contributed to by, the negligent acts or omissions of individuals and/or entities other than Answering Defendant.

8

Case ID: 220300576

10. Negligent acts or omissions of individuals and/or entities other than Answering Defendant constitute intervening, superseding acts of negligence.

11. Venue in Philadelphia may be improper and/or inconvenient, and proper venue may lie in Federal Court.

12. The injuries and/or losses allegedly sustained by Plaintiff were not proximately caused by Answering Defendant.

13. Plaintiff may have failed to mitigate the alleged damages.

14. Answering Defendant did not have actual nor constructive notice of any allegedly dangerous condition prior to the time of the subject incident.

15. Any damages and/or injuries which Plaintiff may have sustained were caused by the improper, abnormal, unforeseeable and unintended circumstances for which Answering Defendant is not responsible.

16. Plaintiff and/or entities or other persons not in the control of Answering Defendant may be responsible for the destruction and/or spoliation of evidence resulting in prejudice in the ability to prepare a defense to Plaintiff's claims.

17. Answering Defendant pleads the Release, if any, that may have been executed by Plaintiff and states that such Release eliminates and/or diminishes damages in this action and/or may bar Plaintiff's recovery.

18. Plaintiff may be barred from maintaining her claims based upon estoppel and waiver.

19. Plaintiff may be barred from maintaining her claims based upon *res judicata*.

20. Answering Defendant did not owe a duty to Plaintiff and/or did not breach any duty with respect to Plaintiff.

Case ID: 220300576

21.     If Answering Defendant breached any duty to Plaintiff, which Answering Defendant denies, then the breach was not the proximate or actual cause of Plaintiff's damages.

22.     Answering Defendant was not careless and/or negligent in any manner whatsoever.

23.     Answering Defendant generally denies each and every allegation contained in Plaintiff's Complaint as it relates to the alleged liability of Answering Defendant.

24.     Plaintiff's Complaint fails to state a cause of action upon which relief can be granted and, should said relief be granted, it would contravene Answering Defendant's Constitutional rights to substantive and procedural process of law and equal protection as preserved by the Fifth and Fourteenth Amendments of the United States Constitution and by the applicable provisions of the Constitution of Pennsylvania and further would contravene Answering Defendant's Constitutional rights to protection against the taking of property without just compensation preserved by such Constitutional provisions.

25.     Plaintiff's claims may be preempted in whole or in part by federal and/or state statutes and/or regulations.

26.     Answering Defendant acted as required by the terms of all contracts to which it was a party.

27.     Answering Defendant was not responsible, by contract or otherwise, for any inspection, maintenance, operation, or any other facet of the subject buses and/or other vehicles involved in the subject incident.

28.     Answering Defendant acted within the standards of the industry and with all due care.

29.     Answering Defendant hereby reserves the right to file a Motion to Dismiss Plaintiff's claims on the grounds that Plaintiff has no legal cause of action against Answering Defendant.

Case ID: 220300576

30.     Plaintiff's claims should be dismissed for failure to set forth allegations with sufficient particularity.

31.     Plaintiff's Complaint fails to allege any act or omission on the part of Answering Defendant which constitutes proximate cause.

32.     Plaintiff has failed to effect proper service of the Complaint upon Answering Defendant.

33.     Joint and several liability is unconstitutional because the amount of damages may be unrelated to Answering Defendant's extent of fault or causal responsibility.

34.     Plaintiff knew or had reason to know of facts which created a high risk of physical harm to herself or Plaintiff deliberately proceeded to act, or failed to act, in conscious disregard of that risk, and Plaintiff's highly reckless conduct was the sole or superseding cause of her injuries.

35.     The accident referred to in Plaintiff's Complaint and/or the injuries and/or damages alleged by Plaintiffs may have been caused, in whole or in part, by a sudden medical emergency, including, but not limited to, a sudden and unexpected loss of consciousness.

36.     Plaintiff's alleged injuries, damages and/or losses may have been caused and/or significantly contributed to by Plaintiff's failure to utilize and/or properly utilize an available safety device or protocol.

37.     The incident which gave rise to the instant matter was caused by an instrumentality or entity over which Answering Defendant had no control or right to control, which constitutes a complete defense to the cause of action.

38.     If the alleged defective condition existed, which Answering Defendant denies, then Plaintiff failed to notice an open and obvious condition, which constitutes a complete defense to the cause of action.

Case ID: 220300576

39.    If the alleged defective condition existed, which Answering Defendant denies, then Plaintiff failed to avoid the condition which was known to her before the Incident.

40.    If the alleged defective condition existed, which Answering Defendant denies, then Answering Defendant had no knowledge of same prior to the Incident.

41.    If Plaintiff was required to have health insurance pursuant to the Affordable Care Act and failed to have such coverage, Plaintiff must be precluded from claiming and/or recovering as damages the full amount of the medical bills and, instead Plaintiff's claim for medical bills must be limited/reduced upon the insurance coverage Plaintiff would have received if Plaintiff had complied with the law.

42.    Answering Defendant denies that it is liable to Plaintiff or any other party, under any theory of liability, whether previously pled or not yet pled.

43.    Answering Defendant sets forth all defenses as included in Pennsylvania Rule of Civil Procedure 1030.

44.    Answering Defendant hereby reserves the right, upon completion of its investigation and discovery, to file such additional defenses, affirmative defenses, counterclaims and/or third-party complaints as may be appropriate.

**WHEREFORE**, Answering Defendant denies that Plaintiff is entitled to any judgment against it, including but not limited to any compensation and/or punitive damages, individually, jointly and/or severally in any amount or for interest, attorney's fees, costs and/or any other compensation and/or relief and, Answering Defendant demands judgment in its favor and against Plaintiff on all claims asserted in Plaintiff's Complaint, together with costs of suit, attorney's fees and any other relief deemed appropriate by the Court.

Case ID: 220300576

## DEFENDANT, AMERICAN AIRLINES, INC.'s
## NEW MATTER CROSSCLAIM PURSUANT TO PA.R.C.P. 1031.1
## AGAINST DEFENDANT, FIRST TRANSIT CORPORATION
### (Common Law Contribution)

1.    Answering Defendant incorporates by reference its Answer with New Matter set forth above as though same were fully set forth at length herein.

2.    By way of crossclaim, Defendant, American Airlines, Inc. hereby incorporates by reference, without admission or adoption, all well pled averments in Plaintiff's Complaint and directs them to Defendant, First Transit Corporation.

3.    Defendant, American Airlines, Inc. hereby crossclaims against Defendant, First Transit Corporation.

4.    With any liability being expressly denied, if Plaintiff suffered damages, injuries or losses as alleged in Plaintiff's Complaint, the damages were caused solely by the negligence and/or carelessness of Defendant, First Transit Corporation, which was liable over to Defendant, American Airlines, Inc.

5.    If Defendant, American Airlines, Inc. is held liable to Plaintiff for all or part of the damages Plaintiff alleges she may have suffered, Defendant, First Transit Corporation is liable to Defendant, American Airlines, Inc. by way of contribution and/or indemnity, either contractually, as a matter of law or otherwise.

**WHEREFORE**, Defendant, American Airlines, Inc. demands judgment in its favor and against Defendant, First Transit Corporation on all claims asserted in Plaintiff's Complaint together with costs of suit, attorney's fees, and other relief deemed appropriate by this Honorable Court.

Case ID: 220300576

**DEFENDANT, AMERICAN AIRLINES, INC.'S**
**NEW MATTER CROSSCLAIM PURSUANT TO PA.R.C.P. 1031.1**
**AGAINST DEFENDANT, FIRST TRANSIT CORPORATION**
**(Contractual Contribution)**

1.     Defendant, American Airlines, Inc. incorporates by reference its foregoing Answer with New Matter set forth above as though same were fully set forth at length herein.

2.     By way of crossclaim, Defendant, American Airlines, Inc. (hereinafter "American") hereby incorporates by reference, without admission or adoption, all well pled averments in Plaintiff's Complaint and directs them to Defendant, First Transit Corporation (hereinafter "Transit").

3.     American hereby crossclaims against Transit for contractual contribution.

4.     On or about November 15, 2015, American and Transit entered into a "Pricing and Term Sheet for Terminal Bus Operation and Maintenance Services at PHL," including "Attachment 1" ("Passenger Shuttle Services at PHL"), "Attachment 2" ("Pricing Schedule") and "Attachment 3" ("Equipment Use Right Agreement") (hereinafter, collectively, "Agreement"), which are incorporated thereunder.

5.     The Agreement is labeled, on each page, as "Proprietary and Confidential," so it is not attached as an exhibit hereto.

6.     The Agreement was provided to Plaintiff's counsel and Transit's counsel, pursuant to a mutually-executed Confidentiality Agreement, on April 11, 2022.

7.     The Agreement was in effect at the time of the occurrence of the subject incident underling the instant matter.

8.     Under the terms of the Agreement, Transit was responsible for providing elements of the passenger shuttle services at the Airport.  *See* Attachment 1 to Agreement, Subsection 1(a), (b); Subsection 2(a), (d), (f), (g), (h); Attachment 2 to Agreement, Subsection 1.

14

Case ID: 220300576

9.     In her Complaint, Plaintiff avers that American and Transit are liable to Plaintiff, under a theory of Negligence, based solely upon:

- "[o]perating a vehicle at an excessive rate of speed given the circumstances and traffic conditions;
- "[f]ollowing too closely";
- "[f]ailing to keep the vehicle under proper control and operate it at a speed which ensured Defendant could stop within the assured clear distance ahead";
- "[o]perating a vehicle without due regard to the rights, safety, and position of the other vehicle";
- "[f]ailing to present the vehicle from striking the read of the other vehicle";
- "[f]ailing to keep a proper lookout";
- "[f]ailing to use due care under the circumstances";
- "[f]ailing to take evasive action in order to avoid striking the other vehicle";
- "[f]ailing to apply the brakes in order to avoid striking the other vehicle";
- "[c]arelessly turning without looking both ways and/or stopping and/or yielding as necessary;" and
- "[o]perating a vehicle in a careless manner."

**Ex. "A," ¶** 17.

10.     Each of the foregoing allegations in Plaintiff's Complaint, representing the totality of the basis for her Negligence claim against American and Transit, were the contractual responsibility of Transit.

11.     American denies any and all liability to Plaintiff, but if American is held liable to Plaintiff for all or part of the damages Plaintiff alleges she may have suffered as a result of an alleged defect, which American specifically denies, then Transit is liable to American for contractual contribution, and Transit is solely liable to Plaintiff for the resulting injuries as a result of the subject incident giving rise to the instant action.

**WHEREFORE**, Defendant, Defendant, American Airlines, Inc. demands judgment in its favor and against Defendant, First Transit Corporation on all claims asserted in Plaintiff's Complaint together with costs of suit, attorney's fees and other relief deemed appropriate by this Honorable Court.

15

Case ID: 220300576

**DEFENDANT, AMERICAN AIRLINES, INC.'S**
**NEW MATTER CROSSCLAIM PURSUANT TO PA.R.C.P. 1031.1**
**AGAINST DEFENDANT, FIRST TRANSIT CORPORATION**
**(Breach of Contract – Performance)**

1.      Defendant,  American Airlines, Inc. incorporates by reference its foregoing Answer with New Matter set forth above as though same were fully set forth at length herein.

2.      By way of crossclaim, Defendant, American Airlines, Inc. (hereinafter "American") hereby incorporates by reference, without admission or adoption, all well pled averments in Plaintiff's Complaint and directs them to Defendant, First Transit Corporation (hereinafter "Transit").

3.      American hereby crossclaims against Transit for breach of contract.

4.      On or about November 15, 2015, American and Transit entered into a "Pricing and Term Sheet for Terminal Bus Operation and Maintenance Services at PHL," including "Attachment 1 ("Passenger Shuttle Services at PHL"), "Attachment 2 ("Pricing Schedule") and "Attachment 3 ("Equipment Use Right Agreement") (hereinafter, collectively, "Agreement"), which are incorporated thereunder.

5.      The Agreement is labeled, on each page, as "Proprietary and Confidential," so it is not attached as an exhibit hereto.

6.      The Agreement was provided to Plaintiff's counsel and Transit's counsel, pursuant to a mutually-executed Confidentiality Agreement, on April 11, 2022.

7.      The Agreement was in effect at the time of the occurrence of the subject incident underling the instant matter.

8.      Under the terms of the Agreement, Transit was responsible for providing elements of the passenger shuttle services at the Airport.  *See* Attachment 1 to Agreement, Subsection 1(a), (b); Subsection 2(a), (d), (f), (g), (h); Attachment 2 to Agreement, Subsection 1.

Case ID: 220300576

9.    In her Complaint, Plaintiff avers that American and Transit are liable to Plaintiff, under a theory of Negligence, based solely upon:

- "[o]perating a vehicle at an excessive rate of speed given the circumstances and traffic conditions;
- "[f]ollowing too closely";
- "[f]ailing to keep the vehicle under proper control and operate it at a speed which ensured Defendant could stop within the assured clear distance ahead";
- "[o]perating a vehicle without due regard to the rights, safety, and position of the other vehicle";
- "[f]ailing to present the vehicle from striking the read of the other vehicle";
- "[f]ailing to keep a proper lookout";
- "[f]ailing to use due care under the circumstances";
- "[f]ailing to take evasive action in order to avoid striking the other vehicle";
- "[f]ailing to apply the brakes in order to avoid striking the other vehicle";
- "[c]arelessly turning without looking both ways and/or stopping and/or yielding as necessary;" and
- "[o]perating a vehicle in a careless manner."

**Ex. "A," ¶ 17.**

10.    Each of the foregoing allegations in Plaintiff's Complaint, representing the totality of the basis for her Negligence claim against American and Transit, were the contractual responsibility of Transit.

11.    American denies any and all liability to Plaintiff, but if American is held liable to Plaintiff for all or part of the damages Plaintiff alleges she may have suffered as a result of an alleged defect, which American specifically denies, then Transit is liable to American for contractual contribution, as Transit failed to comply with the foregoing provisions of the Agreement, and Transit is solely liable to Plaintiff for the resulting injuries as a result of the subject incident giving rise to the instant action.

**WHEREFORE**, Defendant, Defendant, American Airlines, Inc. demands judgment in its favor and against Defendant, First Transit Corporation on all claims asserted in Plaintiff's Complaint together with costs of suit, attorney's fees and other relief deemed appropriate by this Honorable Court.

Case ID: 220300576

**DEFENDANT, AMERICAN AIRLINES, INC.'S**
**NEW MATTER CROSSCLAIM PURSUANT TO PA.R.C.P. 1031.1**
**AGAINST DEFENDANT, FIRST TRANSIT CORPORATION**
**(Breach of Contract – Insurance)**

1.     Defendant,  American Airlines, Inc. incorporates by reference its foregoing Answer with New Matter set forth above as though same were fully set forth at length herein.

2.     By way of crossclaim, Defendant, American Airlines, Inc. (hereinafter "American") hereby incorporates by reference, without admission or adoption, all well pled averments in Plaintiff's Complaint and directs them to Defendant, First Transit Corporation (hereinafter "Transit").

3.     American hereby crossclaims against Transit for breach of contract.

4.     On or about November 15, 2015, American and Transit entered into a "Pricing and Term Sheet for Terminal Bus Operation and Maintenance Services at PHL," including "Attachment 1" ("Passenger Shuttle Services at PHL"), "Attachment 2" ("Pricing Schedule") and "Attachment 3" ("Equipment Use Right Agreement") (hereinafter, collectively, "Agreement"), which are incorporated thereunder.

5.     The Agreement is labeled, on each page, as "Proprietary and Confidential," so it is not attached as an exhibit hereto.

6.     The Agreement was provided to Plaintiff's counsel and Transit's counsel, pursuant to a mutually-executed Confidentiality Agreement, on April 11, 2022.

7.     The Agreement was in effect at the time of the occurrence of the subject incident underling the instant matter.

8.     Under the terms of the Agreement, Transit was required to maintain a variety insurance policies, including those covering all applicable vehicles involved in the subject incident.  *See* Agreement, ¶ 11.

Case ID: 220300576

9. To American's best knowledge and belief, First Transit either did not obtain and/or maintain all of the aforementioned insurance policies required by the Agreement, or, in the alternative, obtained and/or maintained policies with coverage amounts lower than those required by the Agreement.

10. Transit's failure to obtain and/or maintain said policies of insurance, or, in the alternative, Transit's obtaining and/or maintaining insurance coverage of an insufficient amount, is violative of the terms of the Agreement.

12. Resultantly, Transit is liable to American for breach of contract.

**WHEREFORE**, Defendant, Defendant, American Airlines, Inc. demands judgment in its favor and against Defendant, First Transit Corporation on all claims asserted in Plaintiff's Complaint together with costs of suit, attorney's fees and other relief deemed appropriate by this Honorable Court.

**DEFENDANT, AMERICAN AIRLINES, INC.'S**
**NEW MATTER CROSSCLAIM PURSUANT TO PA.R.C.P. 1031.1**
**AGAINST DEFENDANT, FIRST TRANSIT CORPORATION**
**(Contractual Indemnification)**

1. American Airlines, Inc. incorporates by reference its foregoing Answer with New Matter set forth above as though same were fully set forth at length herein.

2. By way of crossclaim, Defendant, American Airlines, Inc. (hereinafter "American") hereby incorporates by reference, without admission or adoption, all well pled averments in Plaintiff's Complaint and directs them to Defendant, First Transit Corporation (hereinafter "Transit").

3. American hereby crossclaims against Transit for contractual indemnification.

4. On or about November 15, 2015, American and Transit entered into a "Pricing and Term Sheet for Terminal Bus Operation and Maintenance Services at PHL," including

19

Case ID: 220300576

"Attachment 1" ("Passenger Shuttle Services at PHL"), "Attachment 2" ("Pricing Schedule") and "Attachment 3" ("Equipment Use Right Agreement") (hereinafter, collectively, "Agreement"), which are incorporated thereunder.

5.     The Agreement is labeled, on each page, as "Proprietary and Confidential," so it is not attached as an exhibit hereto.

6.     The Agreement was provided to Plaintiff's counsel and Transit's counsel, pursuant to a mutually-executed Confidentiality Agreement, on April 11, 2022.

7.     The Agreement was in effect at the time of the occurrence of the subject incident underling the instant matter.

8.     Per terms of the Agreement, Transit must defend, indemnify, and hold harmless American from claims and suits arising from a variety of occurrences, including the subject incident. *See* Attachment 1 to Agreement, Subsection 2.

9.     In her Complaint, Plaintiff avers that American and Transit are liable to Plaintiff, under a theory of Negligence, based solely upon:

- "[o]perating a vehicle at an excessive rate of speed given the circumstances and traffic conditions;
- "[f]ollowing too closely";
- "[f]ailing to keep the vehicle under proper control and operate it at a speed which ensured Defendant could stop within the assured clear distance ahead";
- "[o]perating a vehicle without due regard to the rights, safety, and position of the other vehicle";
- "[f]ailing to present the vehicle from striking the read of the other vehicle";
- "[f]ailing to keep a proper lookout";
- "[f]ailing to use due care under the circumstances";
- "[f]ailing to take evasive action in order to avoid striking the other vehicle";
- "[f]ailing to apply the brakes in order to avoid striking the other vehicle";
- "[c]arelessly turning without looking both ways and/or stopping and/or yielding as necessary;" and
- "[o]perating a vehicle in a careless manner."

**Ex. "A,"** ¶ 17.

Case ID: 220300576

10.     Each of Plaintiff's specific allegations in support of her sole Negligence claim are based in the operation of a vehicle on the date of the subject incident.

11.     Given same, as well as the terms of the Agreement, Transit is required to defend, indemnify and hold harmless American in the instant matter.

**WHEREFORE**, Defendant, Defendant, American Airlines, Inc. demands judgment in its favor and against Defendant, First Transit Corporation on all claims asserted in Plaintiff's Complaint together with costs of suit, attorney's fees and other relief deemed appropriate by this Honorable Court.

**MORGAN & AKINS, PLLC**

**BY:** _____

NATHAN R. BOHLANDER, ESQUIRE
*Attorneys for Defendant, American Airlines, Inc.*

Dated: June 13, 2022

Case ID: 220300576

## **VERIFICATION**

I, Develyn Singleton, verify that I am a Claims Analyst at Defendant, American Airlines, Inc., and I am authorized to execute this Verification on behalf of Defendant, American Airlines, Inc. The undersigned verifies that the facts set forth in Defendant, American Airlines, Inc.'s Answer to Plaintiff's Complaint with New Matter and Crossclaims are true and correct to the best of her knowledge, information, and belief.

BY: _____
Develyn Singleton
*Claims Analyst*
*Defendant, American Airlines, Inc.*

DATED: 5-12-2022

22

Case ID: 220300576

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2022, I electronically filed the foregoing Answer to Plaintiff's Complaint with New Matter and Crossclaims with the Prothonotary using the Philadelphia County Courts Electronic Filing System, which provides the foregoing Answer to Plaintiff's Complaint with New Matter and Crossclaims to each represented party listed below.

Grady A. Loman, Esquire
Gordon & Lowman, LLC
1315 Walnut Street
Suite 1006
Philadelphia, PA 19107
*Counsel for Plaintiff, Yvonne Leon*

Nariman Amin, Esquire
Kane, Pugh, Knoell, Troy & Kramer, LLP
510 Swede Street
Norristown, PA 19401
*Counsel for Defendant, First Transit Corporation*

**MORGAN & AKINS, PLLC**

**BY:** _____

PATRICIA J. BAXTER, ESQUIRE
NATHAN R. BOHLANDER, ESQUIRE
*Attorneys for Defendant, Defendant, American Airlines, Inc.*

Dated: <u>June 13, 2022</u>

Case ID: 220300576

EXHIBIT "A"

Case ID: 220300576

**GORDON & LOWMAN, LLC**
BY:    Grady A. Lowman (#323113)
212 W. Route 38, Suite #700
Moorestown, NJ 08057
Tel:    856-209-3425
Fax:    856-957-5122

Filed and Attested by the
This is not an Arbitration Matter records
Jury Trial Demanded ... pm

Attorney for Plaintiff

YVONNE LEON
11615 Sunburst Marble Road
Riverview, FL 33579
      **Plaintiff**

    **v.**

**AMERICAN AIRLINES, INC.**
1 Skyview Drive
Fort Worth, TX 76155
        and

**AMERICAN AIRLINES**
1 Skyview Drive
Forth Worth, TX 76155
        and

**AMERICAN AIRLINES GROUP, INC.**
1 Skyview Drive
Forth Worth, TX 76155
        and

**PHILADELPHIA INTERNATIONAL AIRPORT**
8500 Essington Avenue
Philadelphia, PA 19153
        and

**CITY OF PHILADELPHIA**
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
        and

**PIEDMONT AIRLINES, INC.**
8500 Essington Avenue
Philadelphia, PA 19153
        and

**FIRST TRANSIT CORPORATION**
8220 Bartram Avenue
Philadelphia, PA 19153

      **Defendant(s)**

**COURT OF COMMON PLEAS
PHILADELPHIA COUNTY**

NO.:

# NOTICE TO DEFEND

| | |
|---|---|
| **NOTICE** | **AVISO** |

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the offices set forth below to find out where you can get legal help.*

    Philadelphia Bar Association
    Lawyer Referral and
    Information Service
    Jefferson Tower, 1101 Market Street
    Philadelphia, PA 19107
    (215) 238-6333

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ezpuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y enregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones De esta demanda. Usted puede perder dinero o sus *propiedades u ostros derechos importantes para usted.*

*Lleve esta demanda a un abogadoimmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede Conseguir asistencia legal.*
    Association De Licenciados
    De Filadelfoa
    Servicio De Referencia E
    Information Legal
    Jefferson Tower, 1101 Market Street
    Filadelfia, Pennsylvania 19107
    (215) 238-6333

Case ID: 220300576

Case ID: 220300576

**GORDON & LOWMAN, LLC**
BY:   Grady A. Lowman (#323113)
212 W. Route 38, Suite #700
Moorestown, NJ 08057
Tel:   856-209-3425
Fax:   856-957-5122

This is not an Arbitration Matter
Jury Trial Demanded

**Attorney for Plaintiff**

---

**YVONNE LEON**
11615 Sunburst Marble Road
Riverview, FL 33579                     :
                              **Plaintiff**     :
                                        :
                              v.        :
                                        :
**AMERICAN AIRLINES, INC.**             :
1 Skyview Drive                         :
Fort Worth, TX 76155                    :
                              and       :
                                        :
**AMERICAN AIRLINES**                   :
1 Skyview Drive                         :
Forth Worth, TX 76155                   :
                              and       :
                                        :
**AMERICAN AIRLINES GROUP, INC.**       :
1 Skyview Drive                         :
Forth Worth, TX 76155                   :
                              and       :
**PHILADELPHIA INTERNATIONAL AIRPORT**  :
8500 Essington Avenue                   :
Philadelphia, PA 19153                  :
                              and       :
                                        :
**CITY OF PHILADELPHIA**                :
1515 Arch Street, 14th Floor            :
Philadelphia, PA 19102                  :
                              and       :
                                        :
**PIEDMONT AIRLINES, INC.**             :
8500 Essington Avenue                   :
Philadelphia, PA 19153                  :
                              and       :
                                        :
**FIRST TRANSIT CORPORATION**           :
8220 Bartram Avenue                     :
Philadelphia, PA 19153                  :
                                        :
                              **Defendant(s)**   :
                                        :
                                        :

---

**COURT OF COMMON PLEAS
PHILADELPHIA COUNTY**

**NO.:**

1

## CIVIL ACTION COMPLAINT – MOTOR VEHICLE

Plaintiff, by and through undersigned counsel, Gordon & Lowman, LLC hereby files this Civil Action Complaint against Defendants and avers as follows:

1.  Plaintiff Yvonne Leon is an adult citizen and resident of Florida who presently resides at 11615 Sunburst Marble Road, Riverview, FL 33579.

2.  Upon information and belief, Defendant American Airlines, Inc. is a corporation with a principal place of business located at 1 Skyview Drive, Forth Worth, TX 76155.

3.  Upon information and belief, Defendant American Airlines is an airline operating within the United States and internationally with a principal place of business located at 1 Skyview Drive, Forth Worth, TX 76155.

4.  Upon information and belief, Defendant American Airlines Group, Inc. is a corporation with a principal place of business located at 1 Skyview Drive, Forth Worth, TX 76155.

5.  Defendant Philadelphia International Airport is an airport with a principal place of business located at 8500 Essington Avenue, Philadelphia, PA 19153.

6.  Defendant City of Philadelphia is a municipal entity with a principal place of business located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

7.  Defendant Piedmont Airlines, Inc. is a corporation with a principal place of business located at 8500 Essington Avenue, Philadelphia, Pa 19153.

8.  Defendant First Transit Corporation is a corporation with a principal place of business located at 8220 Bartram Avenue, Philadelphia, PA 19153.

Case ID: 220300576
Case ID: 220300576

9.     On or about March 5, 2020, at approximately 2:40 pm, Plaintiff was a passenger on COBUS 2700 (Bus ID No. FG046) riding from Terminal F to Terminal B at the Philadelphia International Airport when the bus rear ended another vehicle causing Plaintiff to be thrown to the grown and sustain injuries ("Subject Incident").

10.     Upon information and belief, the COBUS involved in the Subject Incident was owned, operated, and/or controlled by Defendants.

11.     Upon information and belief, the driver/operator of the COBUS involved in the Subject Incident was an agent, servant, and/or employee of Defendants.

12.     The Subject Incident was a direct and proximate result of the carelessness and negligence of Defendants.

13.     As a direct and proximate result of the carelessness and negligence of Defendants in causing the Subject Incident, Plaintiff sustained severe and permanent personal injuries and damages as more fully set forth in this Complaint.

14.     Plaintiff's injuries resulting from the Subject Incident include but are not limited to the following: neck pain; back pain; shoulder pain; sprains and strains of muscles, tendons, and ligaments; rotator cuff tear requiring injections and surgery; internal injuries of an unknown nature; shock to the nervous system; and other injuries, the full extent of which may not yet be known.

15.     As a direct and proximate result of the serious and permanent injuries caused by the Subject Incident, Plaintiff has in the past, is presently, and will likely in the future continue to suffer from: pain, suffering, embarrassment, humiliation, medical expenses, lost wages, out of pocket expenses, mental anguish, grief, and limited activities of daily living.

3

## COUNT I - NEGLIGENCE
### Plaintiff v. Defendants

16.    Plaintiff incorporates the previous paragraphs as if fully set forth herein.

17.    The Subject Incident was caused by the negligence and/or carelessness of Defendant, jointly and/or severally, and consisted, *inter alia*, of the following:

    i.    Operating a vehicle at an excessive rate of speed given the circumstances and traffic conditions;

    ii.    Following too closely;

    iii.    Failing to keep the vehicle under proper control and operate it at a speed which ensured Defendant could stop within the assured clear distance ahead;

    iv.    Operating a vehicle without due regard to the rights, safety, and position of the other vehicle;

    v.    Failing to prevent the vehicle from striking the rear of the other vehicle;

    vi.    Failing to keep a proper lookout;

    vii.    Failing to use due care under the circumstances;

    viii.    Failing to take evasive action in order to avoid impacting the rear of the other vehicle;

    ix.    Failing to apply the brakes in order to avoid striking the other vehicle;

    x.    Carelessly turning without looking both ways and/or stopping and/or yielding as necessary; and

    xi.    Operating a vehicle in a careless manner.

4

Case ID: 220300576
Case ID: 220300576

WHEREFORE, Plaintiff, respectfully requests judgment in her favor and against Defendant(s), jointly and/or severally in an amount not in excess of $50,000.00 plus interest, costs, delay damages, and such other relief as this Court may deem appropriate.

Respectfully Submitted,

GORDON & LOWMAN, LLC

By: _Grady Lowman_

Grady A. Lowman, Esquire
Attorney for Plaintiff

DATED: 03/03/2022

5

## **VERIFICATION**

I, YVONNE LEON, hereby depose and say that I am the Plaintiff in this matter and the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. 4904, relating to unsworn falsification to authorities.

Yvonne Leon

6



NOTICE TO PLEAD

TO:_____PLAINTIFF/DEFENDANT
You are hereby notified to file a written
response to the New Matter New Matter-Crossclaim
within twenty (20) days from service hereof or a judgment
may be entered against you.

/s/ Paul C. Troy, Esquire
*Attorney for Defendant*

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
BY: **PAUL C. TROY, ESQUIRE**            Attorneys for Defendant
ATTORNEY I.D. NO. 60875                   First Transit, Inc.
**BY: NARIMAN AMIN, ESQUIRE**
ATTORNEY I.D. NO. 327208
510 SWEDE STREET
NORRISTOWN, PA 19401
(610) 275-2000

| | | |
|---|---|---|
| YVONNE LEON | : | COURT OF COMMON PLEAS |
| | : | OF PHILADELPHIA COUNTY |
| v. | : | |
| | : | |
| FIRST TRANSIT, INC.; | : | DOCKET NO: 220300576 |
| AMERICAN AIRLINES, INC; | : | CIVIL ACTION |
| AMERICAN AIRLINES; | : | |
| AMERICAN AIRLINES GROUP, INC. | : | |
| PHILADELPHIA INTERNATIONAL AIRPORT; | : | |
| CITY OF PHILADELPHIA; | : | |
| PIEDMONT AIRLINES, INC. | : | |

## DEFENDANT FIRST TRANSIT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND NEW MATTER-CROSSCLAIM

  Defendant, First Transit Inc. ("Answering Defendant"), through its attorneys Kane, Pugh, Knoell, Troy and Kramer, LLP, hereby files its Answer to Plaintiff's Complaint with New Matter and New Matter-Crossclaim and avers as follows:

### ANSWER

  1. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment.

Case ID: 220300576

2-7.    The averments in these paragraphs are not directed at Answering Defendant, and as such, no response is required. To the extent a response is required, the averments in these paragraphs are denied.

8.    Admitted in part, denied in part.  It is only admitted that First Transit, Inc. is a corporation.  It is specifically denied that First Transit, Inc. has its principal place of business in Philadelphia.  This averment is additionally denied as a conclusion of law to which no response is required.

9-15.    Admitted in part, denied in part. It is only admitted that Answering Defendant owned the referenced bus and employed the operator of the referenced bus.  The remaining averments of these paragraphs and all subparagraphs are deemed denied pursuant to Pa. R.C.P. No. 1029.  To the extent the remaining averments of these paragraphs and all subparagraphs are conclusions of law, directed at parties other than Answering Defendants, or merely incorporations of averments of other paragraphs by reference, no response is required.  If it is later judicially determined that specific responses are required, the remaining averments contained in this paragraph are specifically denied and strict proof thereof is demanded at trial.  Answering Defendant specifically denies being negligent or careless. Answering Defendant specifically denies that Answering Defendant caused any of Plaintiff's injuries.

## COUNT I- NEGLIGENCE

16.    This is an incorporation clause to which no response is required. To the extent that it is judicially determined that a response is so required, Answering Defendant incorporates by reference all answers set forth herein.

17.    (i) – (xi) Denied. To the extent the averments of this paragraph and all subparagraphs are conclusions of law, directed at parties other than Answering Defendants, or

Case ID: 220300576

merely incorporations of averments of other paragraphs by reference, no response is required. If it is later judicially determined that specific responses are required, the remaining averments contained in this paragraph are specifically denied and strict proof thereof is demanded at trial. Answering Defendant specifically denies being negligent or careless.

**WHEREFORE**, Answering Defendant denies any and all other allegations in Plaintiff's Complaint and requests that judgment be entered in its favor.

## NEW MATTER

18. Answering Defendant hereby pleads the applicable Statute of Limitations as a full and complete defense to all claims by Plaintiff in this matter.

19. Answering Defendant avers that the proximate cause of Plaintiff's damages were the actions or omissions of persons over whom Defendant had no control or right of control.

20. Answering Defendant hereby pleads that Plaintiff's recovery is barred, in accordance with the Comparative Negligence Act, by Plaintiff's own negligence, which is greater than any alleged negligence on the part of the Answering Defendant.

21 Answering Defendant hereby pleads accord and satisfaction as a full or partial defense to any and all claims made by the Plaintiff in her Complaint.

22. Answering Defendant hereby pleads consent as a full or partial defense to any and all claims made by the Plaintiff in her Complaint.

23. Answering Defendant hereby pleads estoppel as a full or partial defense to any and all claims made by the Plaintiff in her Complaint.

24. Answering Defendant hereby pleads failure of consideration as a full or partial defense to any and all claims made by the Plaintiff in her Complaint.

Case ID: 220300576

25. Answering Defendant hereby pleads fraud as a full or partial defense to any and all claims made by the Plaintiff in her Complaint.

26. Answering Defendant hereby pleads waiver as a full or partial defense to any and all claims Plaintiff's Complaint fails to state a cause of action against Answering Defendant.

27. Answering Defendant avers that the proximate cause of Plaintiff's injuries were the acts or omissions of persons over whom Answering Defendant had no control or right of control.

28. Plaintiff's Complaint is hereby barred, in whole or in part, by Plaintiff's own contributory negligence.

29. Answering Defendant hereby asserts the Affirmative Defense of Plaintiff's failure to mitigate damages.

30. Plaintiff's claims against Answering Defendant are barred and/or limited pursuant to the Fair Share Act, 42 Pa.C.S.A. §7102, and Answering Defendant hereby asserts all of the rights and defenses available under this Act.

**WHEREFORE**, Answering Defendant denies any and all other allegations of the Complaint and request that judgment be entered in their favor.

## NEW MATTER-CROSSCLAIM AGAINST DEFENDANTS

1. Answering Defendant incorporates by reference the preceding paragraphs of this pleading as fully as if said paragraphs were herein set forth at length.

2. Answering Defendant denies that it is liable to Plaintiffs under any scenario of fact and/or theory of law.

3. To the extent that Plaintiffs have sustained damages as alleged, with such damages being specifically denied, said damages were caused solely by the negligence and/or carelessness

Case ID: 220300576

of all other listed Defendants, with any and all liability on the part of Answering Defendant being expressly denied.

4. In the event that there is a judgment, verdict, or award entered against Answering Defendant, then that judgment, verdict, or award is the sole and exclusive result of the liability producing conduct of each and every named defendant in this matter, other than Answering Defendant.

5. In the event that a judgment, verdict, or award is entered against Answering Defendant, then each and every named defendant is jointly and/or severally liable for such judgment, verdict, or award or directly liable to Plaintiffs for any such judgment, verdict, or award.

6. In the event that there is a judgment, verdict, or award entered against Answering Defendant, then each and every named defendant is liable to Answering Defendant for indemnity and contribution on all crossclaims filed in response to Plaintiffs' Complaint.

**WHEREFORE**, First Transit, Inc. requests that this Honorable Court enter judgment in its favor and against all other parties.

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

BY:___/s/ Paul C. Troy, Esquire_____
        PAUL C. TROY, ESQUIRE
        NARIMAN AMIN, ESQUIRE
        Attorneys for Defendant
        First Transit, Inc.

Case ID: 220300576

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
BY: **PAUL C. TROY, ESQUIRE**        Attorneys for Defendant
ATTORNEY I.D. NO. 60875         First Transit, Inc.
BY: **NARIMAN AMIN, ESQUIRE**
ATTORNEY I.D. NO. 327208
510 SWEDE STREET
NORRISTOWN, PA 19401
(610) 275-2000

---

| | | |
|---|---|---|
| YVONNE LEON | : | COURT OF COMMON PLEAS |
| | : | OF PHILADELPHIA COUNTY |
| v. | : | |
| | : | |
| FIRST TRANSIT, INC.; | : | DOCKET NO: 220300576 |
| AMERICAN AIRLINES, INC; | : | CIVIL ACTION |
| AMERICAN AIRLINES; | : | |
| AMERICAN AIRLINES GROUP, INC. | : | |
| PHILADELPHIA INTERNATIONAL AIRPORT; | : | |
| CITY OF PHILADELPHIA; | : | |
| PIEDMONT AIRLINES, INC. | : | |

---

## CERTIFICATE OF SERVICE

I, Paul C. Troy, Esquire, hereby certify that a true and correct copy of Defendant Frist

Transit, Inc.'s Answer to Plaintiff's Complaint with New Matter and New Matter Crossclaim has

been filed with the Court and served on all counsel via e-filing, U.S. First Class Mail and email on

June 14, 2022, as follows:

Grady A. Lowman, Esquire                Nathan R. Bohlander, Esquire
**Gordon & Lowman, LLC**           **MORGAN & AKINS, PLLC**
1315 Walnut Street, Suite 1006       30 South 15th Street, Suite 701
Philadelphia, PA 19107              Philadelphia, PA 19102
*Counsel for Plaintiff, Yvonne Leon*     *Counsel for American Airlines, Inc.*

               **KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

        BY:   /s/ Paul C. Troy, Esquire
               PAUL C. TROY, ESQUIRE
               NARIMAN AMIN, ESQUIRE
               Attorneys for Defendant
               First Transit, Inc.

Case ID: 220300576