**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **YVONNE LEON** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **AMERICAN AIRLINES, INC.** | : | **NO: 2:22-cv-02340** |
| | : | |
| **AND** | : | |
| | : | |
| **FIRST TRANSIT CORPORATION** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANT, AMERICAN AIRLINES, INC.'S
ANSWER TO DEFENDANT, FIRST TRANSIT CORPORATION'S CROSSCLAIM**

Defendant, American Airlines, Inc. (hereinafter, "Answering Defendant") by and through its attorneys, Morgan & Akins, PLLC, hereby answers Defendant, First Transit Corporation's Crossclaim as follows:

1. Denied. No substantive response is required to the corresponding incorporation paragraph.

2. Denied. The averments contained in this paragraph are not directed to Answering Defendant, so no response is required. To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied. Strict proof of all averments, if admissible, is demanded at the time of trial.

3. Denied. The averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied. Strict proof of all averments, if admissible, is demanded at the time of trial.

4.      Denied.  The averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

5.      Denied.  The averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

6.      Denied.  The averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

**WHEREFORE**, Defendant, American Airlines, Inc. demands judgment in its favor and against Defendant, First Transit Corporation on all claims asserted in Plaintiff's Complaint, as well as all claims in Defendant, First Transit Corporation's Crossclaim, together with costs of suit, attorney's fees and other relief deemed appropriate by this Honorable Court.

**MORGAN & AKINS, PLLC**

**Date:** June 16, 2022              **BY:** _____
NATHAN R. BOHLANDER (PA# 312509)
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102
nbohlander@morganakins.com
*Attorneys for Defendant, American Airlines, Inc.*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this the 16th day of June, 2022, the foregoing Answer to Crossclaims was served upon the below counsel via the Court's ECF system:

Grady A. Loman, Esquire
Gordon & Lowman, LLC
1315 Walnut Street
Suite 1006
Philadelphia, PA 19107
*Counsel for Plaintiff, Yvonne Leon*

Nariman Amin, Esquire
Kane, Pugh, Knoell, Troy & Kramer, LLP
510 Swede Street
Norristown, PA 19401
*Counsel for Defendant, First Transit Corporation*

**MORGAN & AKINS, PLLC**

**Date:** <u>June 16, 2022</u>          **BY:** _____
NATHAN R. BOHLANDER (PA# 312509)
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102
nbohlander@morganakins.com
*Attorneys for Defendant, American Airlines, Inc.*

3